IN THE UNITED STATES DISTRICT COURT
                     FOR THE SOUTHERN DISTRICT OF OHIO
                              EASTERN DIVISION


Arthur Eugene Lynn,                :

             Plaintiff,            :   Case No.  2:09-cv-907

      v.                           :   JUDGE GRAHAM

Ohio State University              :
Medical Center, et al.,
                                   :
             Defendants.

                        REPORT AND RECOMMENDATION

                           I.  Introduction

     Plaintiff, Arthur Eugene Lynn, has submitted a complaint against The Ohio State University Medical Center and a John Doe and Jane Doe, described as a radiologist and a registered nurse. According to the complaint, Mr. Lynn contracted a disease while being treated at the Medical Center in February, 2008.  He attributes this to the failure of a nurse to follow proper sanitization procedures.  The complaint specifically asserts that the actions of the defendants constituted medical malpractice and medical negligence.  The complaint is before the Court for an initial screening under 28 U.S.C. §1915(e).  For the following reasons, the Court recommends that the complaint be dismissed.

                          II.  Legal Standard

     28 U.S.C. §1915(e)(2) provides that in proceedings *in forma pauperis*, "[t]he court shall dismiss the case if ... (B) the action ... is frivolous or malicious [or] fails to state a claim on which relief can be granted; or seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. §1915A also mandates that the Court screen any complaint filed by a prisoner against a governmental entity or employee to determine if the

complaint is frivolous, malicious, fails to state a claim or seeks relief against a defendant who is immune from suit. The purpose of these sections is to prevent suits which are a waste of judicial resources and which a paying litigant would not initiate because of the costs involved. See Neitzke v. Williams, 490 U.S. 319 (1989).  A complaint may be dismissed as frivolous only when the plaintiff fails to present a claim with an arguable or rational basis in law or fact.  See id. at 325.  Claims which lack such a basis include those for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which does not exist, see id. at 327-28, and "claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar." Id. at 328; see also Denton v. Hernandez, 504 U.S. 25 (1992).  A complaint may not be dismissed for failure to state a claim upon which relief can be granted if the complaint contains "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U. S. 544, 570 (2007).  *Pro se* complaints are to be construed liberally in favor of the *pro se* party.  Haines v. Kerner, 404 U.S. 519 (1972).  It is with these standards in mind that the plaintiff's complaint and application for leave to proceed *in forma pauperis* will be considered.

III. Analysis

First, Mr. Lynn may not sue the Ohio State University or its medical center in a federal court under any theory. The Eleventh Amendment to the United States Constitution precludes suits in a federal court by a citizen of a state against his or her own state.  Thorpe v. State of Ohio, 19 F.Supp. 2d 816, 820 n.6 (S.D. Ohio 1998).  The Ohio State University, as well as the University Hospital or Medical

-2-

Center, is an arm of the State of Ohio and enjoys the same immunity from suit as the State itself. See, e.g., Thomson v. Ohio State University Hosp., 5 F.Supp. 2d 574 (S.D. Ohio 1998), aff'd 238 F.3d 424 (6th Cir. 2000). Thus, the Ohio State University Medical Center is a defendant who is immune from suit, and any claims against it must be dismissed under 28 U.S.C. §§1915(e) and 1915A.

Second, the only potential *federal* claim (as opposed to state law claims which cannot be asserted in this Court) available to Mr. Lynn concerning his medical treatment while in state custody is a claim for deliberate indifference to a serious medical need, which indifference would violate the Eighth Amendment's prohibition against cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97 (1976). "[A] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." Estelle, 429 U.S. at 106. Thus, the medical negligence or medical malpractice claims alleged in the complaint do not set forth any federal law claims - they are purely state law claims over which this Court lacks jurisdiction.

## IV. Recommendation

The above discussion shows that the complaint attempts both to state a claim against a defendant that is immune from suit, and does not set forth any valid claims under federal law. The complaint should therefore be dismissed for lack of jurisdiction and for failure to state a claim under federal law upon which relief can be granted. To the extent that the Court might have supplemental jurisdiction over any state law claims, those claims should be dismissed

without prejudice. If this recommendation is adopted and the case is dismissed, a copy of the complaint and any dismissal order should be mailed to the defendants.

V. <u>Procedure on Objections</u>

If any party objects to this Report and Recommendation, that party may, within ten (10) days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a <u>de novo</u> determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation <u>de novo</u>, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>United States v. Walters</u>, 638 F.2d 947 (6th Cir.1981)

/s/ Terence P. Kemp  
United States Magistrate Judge